IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:25-cv-04794

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

JULIE'S ELMWOOD PARK LLC d/b/a THE
SPORTZ NOOK, JULLITE HARB, and
MARC PACIONE,

    Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues Defendants Julie's Elmwood Park LLC d/b/a The Sportz Nook ("The Sportz Nook"), Jullite Harb ("Harb"), and Marc Pacione ("Pacione") (collectively, "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2. The Sportz Nook is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business located at 7841 W Grand Avenue, Elmwood Park, IL 60707. Defendant's agent for service of process is Cory Aronovitz, 203 N Lasalle Street, Suite 2104 F, Chicago, IL 60601.

3. Harb is an individual who is a citizen of the State of Illinois residing at 3517 N Lavergne Avenue, Chicago, IL 60641.

4. Pacione is an individual who is a citizen of the State of Illinois residing at 2227 W

Lawrence Avenue, Chicago, IL 60625.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

**Plaintiff's Business and History**

8. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering its customers access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

9. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns

approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

**The Work at Issue in this Lawsuit**

10. A professional photographer employed by Plaintiff's above-named customer created a photograph titled "ChickenWingHot007" (the "<u>Work</u>"). A copy of the Work is displayed below:



11. The Work was registered by the above-named customer with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-019-412. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

12. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

13. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to

reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**Defendants' Unlawful Activities**

14. The Sportz Nook owns and operates a sports betting and slot machines bar located in Elmwood Park, Illinois.

15. Harb and Pacione are managers and, upon information and belief, the sole members of The Sportz Nook. Harb and Pacione had exclusive control over the business activities of The Sportz Nook, including but not limited to the infringing activities that are the subject of this lawsuit.

16. The Defendants advertise/market their business through their Facebook Page (https://www.facebook.com/thesportznook) and other forms of advertising.

17. On a date after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on their website, webpage, and/or social media as a means of advertising, promoting, and/or marketing their business (at https://order.spoton.com/so-the-sportz-nook-6412/elmwood-park-il/61830f7524b4c44e133e6a8b):





18.     A true and correct copy of screenshots of Defendants' website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not

intended for public use.

20. Defendants utilized the Work for commercial use.

21. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendants' unauthorized use/display of the Work in October 2022. Following such discovery, Plaintiff and/or its above-named customer notified Defendants in writing of such unauthorized use.

23. All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT
### (The Sportz Nook)

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

28. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, The Sportz Nook had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendants' website, webpage,

and/or social media.

29. The Sportz Nook reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

30. By its actions, The Sportz Nook infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. The Sportz Nook's infringement was either direct, vicarious, and/or contributory.

31. The Sportz Nook's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. The Sportz Nook clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of The Sportz Nook's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from The Sportz Nook's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of The Sportz Nook's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of The Sportz Nook's conduct.

36. The Sportz Nook's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against The Sportz Nook as follows:

a. A declaration that The Sportz Nook has infringed the copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining The Sportz Nook, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with The Sportz Nook, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (Harb and Pacione)

37. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

38. As evidenced above, The Sportz Nook infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

39. As the sole managers and members of The Sportz Nook, Harb and Pacione have the right and ability to control the infringing acts of The Sportz Nook, yet declined or failed to stop The Sportz Nook from engaging in its infringing activity.

40. Harb and Pacione obtained a direct financial benefit from The Sportz Nook's infringing activities. As the sole managers and members, and, upon information and belief, Harb and Pacione receive profit distributions therefrom and, upon information and belief, pays themselves a salary therefrom.

41. As a direct and proximate result of Harb and Pacione's vicarious copyright infringement, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Harb and Pacione as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, for the infringement of the Work;

b. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

c. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

d. Permanently enjoining Harb and Pacione, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Harb and Pacione, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

e. For such other relief as the Court deems just and proper.

Dated: June 16, 2025.

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
christine@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.
    Christine Zaffarano, Esq.